# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

**SUJATA "Sue" SACHDEVA**
(d.o.b. XX-XX-1963)

CASE NUMBER: 09-84 M (AEG)

I, Brian K. Due, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief. During the period from at least January 2008 through December 19, 2009, in the State and Eastern District of Wisconsin, and elsewhere, **SUJATA "Sue" SACHDEVA,** the defendant, knowingly and intentionally devised, participated in, and executed a scheme to defraud and to obtain money by means of material false and fraudulent pretenses and representations, which scheme was facilitated and carried out through the use of interstate wire communications; all in violation of Title 18, United States Code, Section 1343.

I further state that I am a Special Agent with the Federal Bureau of Investigation (FBI), and that this complaint is based on the following facts:

Please see the attached affidavit of Special Agent Brian K. Due.

Continued on the attached sheet and made a part hereof:   X  Yes  ___ No

Signature of Complainant
BRIAN K. DUE

Sworn to before me and subscribed in my presence,

December 21, 2009
Date

at Milwaukee, Wisconsin
City and State

The Honorable Aaron E. Goodstein.
United States Magistrate Judge
**Name & Title of Judicial Officer**

Signature of Judicial Officer

# AFFIDAVIT

I, Brian K. Due, being duly sworn on oath, state as follows:

**Introduction and Background**

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) of the United States Department of Justice, and I have been so employed for 22 years. I am currently assigned to the White Collar Crime squad of the FBI's Milwaukee Division. As part of my duties, I investigate violations of federal criminal laws, including violations of Title 18, United States Code, Sections 1341 (mail fraud), 1343 (wire fraud) and 1344 (bank fraud).

2. During my 22 years as an FBI Special Agent, I have participated in: (a) numerous wire fraud, mail fraud, and bank fraud investigations, warrants, and seizures; (b) the execution of numerous search warrants for documents, records, and proceeds from illegal activities; (c) the subsequent investigations and analysis of evidence seized pursuant to those warrants; and, (d) the interviewing of defendants, witnesses, informants, and other persons who may have had personal knowledge of the distribution and concealment of proceeds derived or gained from illegal activities.

3. This affidavit is submitted in support of my application for a criminal complaint charging **Sujata Sachdeva**, who is known as "Sue" and whose date of birth is XX-XX-1963, with using interstate wire communications to execute a scheme to defraud her employer, Koss Corporation, in violation of Title 18, United States Code, Section 1343. As

1

detailed below, there is probable cause to believe that between January 2008 and December 19, 2009, **Sachdeva** devised and carried out a scheme to defraud Koss; that, through this scheme, she fraudulently obtained more than $4.5 million from her employer; and that her scheme was facilitated through the use of interstate wire transfers from Koss's bank accounts that were made electronically from Koss's offices in Milwaukee.

4. The information contained in this affidavit is not an exhaustive account of everything I know about this investigation. Rather, it contains only the facts that I believe are necessary to establish probable cause for the requested criminal complaint.

5. Throughout this affidavit I may include references to bank accounts, Social Security Numbers, and other identifying information. Although I have this information in my possession, the complete identifying numbers are not disclosed in this affidavit. All of the information contained herein is based upon my personal knowledge and investigation, or upon information supplied to me by other law enforcement officers or citizen witnesses, all of whom I believe to be truthful and reliable. Everything set forth herein is true and correct to the best of my knowledge and belief.

**Basis for Probable Cause**

6. I have been assigned to investigate the alleged embezzlement of funds from the Koss Corporation, a manufacturer of stereo headphones, speakers, and related products, located at 4129 North Port Washington Road in Milwaukee, Wisconsin. As part of my investigation, I interviewed Michael Koss, the Chief Executive Officer of Koss Corporation.

2

Koss was recently informed by a security officer for American Express (AMEX) that AMEX noticed that a customer's personal AMEX account balances were being paid down via numerous large wire transfers that were originating from a Koss Corporation bank account. The AMEX customer, **Sujata Sachdeva,** is the Koss Corporation Vice-President of Finance and works at Koss's office located in Milwaukee. Koss company records reflect that **Sachdeva** resides at 10710 North Gazebo Hill Parkway in Mequon, Wisconsin.

7. After speaking with the AMEX security department, Koss entered **Sachdeva**'s office and found numerous AMEX credit card statements in **Sachdeva**'s name. Utilizing these credit card statements and information Koss received from the AMEX security department, Michael Koss and his staff were able to determine that numerous purchases have been made by **Sachdeva** on her personal AMEX cards from the following vendors during the period from January 1, 2008 through December 19, 2009 (dollar amounts are total purchases from each vendor during the above period of time):

   a. $127,400 from A.C Zuckerman Jewelers, located at 1340 W. Mequon Road in Mequon, WI;

   b. $670,000 from Au Courant, a women's clothing store located at 400 W. Silver Spring Dr. In Milwaukee;

   c. $12,500 from Channel BTQ #16 (location unknown);

   d. $83,700 from Cranston, a store located at 250 North Water Street in Milwaukee which specializes in fine home decor;

3

e. $14,000 from Georgio-Armani (location unknown);

f. $213,500 from Gigi of Mequon, located at 1550 West Mequon Road in Mequon, which specializes in bridal wear and expensive women's clothing;

g. $40,000 from Holzman's Furs, a luxury fur retailer located at 1111 West Mitchell Street in Milwaukee;

h. $255,000 from Karat 22 Jewelers, a jewelry store based in Houston, Texas;

i. $132,000 from Kevan Hall, a high-end women's formal wear store based in Los Angeles, CA;

j. $15,000 from The Watchery Corp., a retailer of luxury watches headquartered in Brooklyn, NY;

k. $1,358,322.25 from Valentina Boutique, a women's clothing store located at 1505 West Mequon Road in Mequon;

l. $649,000 from Zita Bridal Salon, located at 211 East Silver Spring Drive in Whitefish Bay, WI.

8. Koss personnel have determined that between September 2, 2009 and November 25, 2009, wire transfers totaling $4,526,595 were made from the Koss Corporation account at Harris Bank to a bank account maintained by American Express at JP Morgan Chase Bank in New York. All of the wire transfers were used to make payments on personal AMEX accounts in the name of **Sujata Sachdeva**. Koss Corporation personnel

have been able to match up a number of the wire transfer payments directly to payments made on **Sachdeva**'s personal AMEX accounts.

9. According to representatives of Koss, the wire transfers in question were conducted on-line from Koss's office in Milwaukee.

10. When Michael Koss entered **Sachdeva**'s office (after speaking with the AMEX security department), he found several large piles of women's clothing, with the price tags still attached. I also observed the piles of clothing found in **Sachdeva**'s office, and noticed that several of the price tags attached to articles of clothing were in excess of $2,000.

11. Michael Koss advised that **Sachdeva** frequently takes work home with her, and that she has a computer at home which she utilizes to conduct Koss Corporation business.

12. On December 21, 2009, other FBI agents and I contacted **Sachdeva** at her residence located at 10710 North Gazebo Parkway, Mequon, Wisconsin. After identifying myself as an FBI agent, **Sachdeva** invited me and the other agents into her home and agreed to answer questions.

13. **Sachdeva** acknowledged that she had been using her position at Koss to authorize wire transfers from Koss's bank account to pay her personal AMEX credit card bills. **Sachdeva** indicated she had made numerous purchases of clothing, jewelry and other personal items that had been paid for with funds she diverted from Koss.

14. **Sachdeva** stated she carried out the scheme on her own; that she had directed her assistant to make the fraudulent wire transfers; and that she had falsified the balance in

5

Koss's bank account to conceal the fraudulent wire transfers used to pay her personal credit card bills.

16. **Sachdeva** also gave me and other FBI agents consent to search her residence. At the residence, I observed numerous items of expensive clothing, many of which still had the price tags still attached to them.

16. Based upon my training and experience as a Special Agent for the FBI and the facts set forth above, I believe there is probable cause to believe that **Sujata Sachdeva** devised and carried out a scheme to defraud her employer, Koss Corporation, through which she obtained more than $4.5 million. This scheme was carried out and facilitated by interstate wire communications, in violation of Title 18, United States Code, Section 1343.